The question presented on motion for a rehearing is stated in the brief of appellees as follows:
"Was this will properly attested? The paper in this case is in the form of a letter. It is sufficient to constitute a will, if executed in accordance with statutory formalities."
This question was not discussed in our former opinion and evidently was not considered.
The statute (3 Comp. Laws 1929, § 13482) requires that a will be "attested and subscribed in the presence of the testator by two or more competent witnesses."
It is the claim of the appellees that it was not legally attested and subscribed, because the testator did not request it and did not know that it was witnessed.
A request in terms is not necessary. The statute does not require it. A will is validly subscribed and attested though the testator does not request it, if done in his presence with his knowledge and acquiescence. In this case there was no request from the testatrix. Her knowledge and acquiescence must be determined from the attending circumstances. All of the testimony is from the two attesting witnesses, Mrs. Whiting, who drew the instrument and directed the manner of its execution, and Mrs. Yeager, who was a nurse in attendance on the testatrix.
Mrs. Whiting testified that she read the paper over to Mrs. Henry, who assured her that it correctly stated her wishes as to the disposition of her property, and —
"So we fixed it up. She signed Maggie Henry's name there, and Maggie Henry made her mark, and *Page 412 
then Mrs. Yeager had the pen and Maggie Henry had her hand on the top, and Mrs. Yeager put her name there and her cross and then her own name. Then I said, 'Now, we will put on our names as witnesses.' * * *
"Q. Did you and Mrs. Yeager sign in the presence of Mrs. Henry?
"A. Well, she saw us signing, yes."
Mrs. Yeager testified:
"Q. She never knew anybody witnessed it?
"A. She could see us.
"Q. Did she say anything about your witnessing it? She did not ask you to witness it?
"A. No. * * *
"Q. You don't know if she saw you witness it?
"A. I don't know.
"Q. Unless she saw you she would have no way of knowing you witnessed it?
"A. No."
The testimony shows that at the time she executed the will she was fully conscious of what was going on.
If so, she heard Mrs. Whiting say, "Now, we must sign it as witnesses," and from this remark she undoubtedly knew what they were doing with it and their purpose in taking it over to the table where it was subscribed. Unless we discard the testimony of Mrs. Whiting, we cannot escape the conclusion that Mrs. Henry had knowledge of the fact that the paper was subscribed by the attesting witnesses and that she acquiesced in their act. It is true that Mrs. Whiting was very active in the matter, that she had charge of the whole transaction and directed how the instrument should be executed; but she was called in by Mrs. Henry for that purpose. She was a neighbor and friend and had previously written *Page 413 
letters for Mrs. Henry, who apparently was an uneducated person. As is true with the testimony of the average witness, her testimony justifies criticism in some respects, but we see no reason why it should be ignored entirely. She and Mrs. Yeager were the only witnesses to the execution of the will, and in the main their testimony is not disputed by any of the circumstances. We think it shows a legally attested and subscribed codicil to the will of Maggie Henry, deceased.
On rehearing we should adhere to our former opinion.
WIEST, J., concurred with McDONALD, C.J.